UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE M. DONOVAN,<br><br>        Plaintiff,<br><br>   v.<br><br>WOODBRIDGE MAINTENANCE ASSOCIATION; FREI REAL ESTATE SERVICES,<br><br>        Defendants. | No. 2:14-cv-00995 JAM-EFB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Alice Donovan, a blind individual, brings this civil rights action against her homeowners' association for refusing to provide documents in a readable (Word) format to reasonably accommodate her disability. Defendants attempt to nullify her claims in a motion for judgment on the pleadings on the basis that the claims are not sufficiently related to her "dwelling." The Court finds her allegations are sufficient and Defendants' motion is DENIED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 11, 2015.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is a blind individual who resides in "Woodbridge at Natoma Station," a community of homes owned and managed by Defendants Woodbridge Maintenance Association and Frei Real Estate Services (collectively, "Defendants"). FAC ¶¶ 7-9. As a homeowner, Plaintiff is a member of Woodbridge at Natoma Station's homeowners' association. FAC ¶ 8. She also served on the association's Board of Directors, which was charged with adopting "rules and regulations" and making decisions on topics including "certain vendors doing work on the property" and "disciplinary matters." FAC ¶¶ 11-12.

Board members were required to "review and evaluate written material prior to Board meetings[.]" FAC ¶ 14. Plaintiff alleges that on numerous occasions, she requested that Defendants provide these documents to her in an accessible format, namely a format that is compatible with her screen reader, such as "Word" documents. See FAC ¶¶ 14-15, 21, 23. Defendants attempted to comply on some occasions, but on other occasions refused. See FAC ¶¶ 14-15, 18, 20-22, 24. After a number of Plaintiff's requests, Defendants asked Plaintiff to "educate the Board on its 'legal obligations to make documents available and accessible' to Plaintiff." FAC ¶ 16. This request led Plaintiff to retain a lawyer from Disability Rights California. FAC ¶ 17. The attorney provided an opinion letter and engaged in negotiations on Plaintiff's behalf with Defendants. FAC ¶¶ 17, 23.

In the months following the negotiations, Defendants' employees commented that providing accessible documents to

Plaintiff would be expensive and time-consuming and that they had already spent too much money on legal fees in the matter. FAC ¶¶ 26, 28. They pressured Plaintiff to resign from the Board. FAC ¶ 30. When Plaintiff declined to resign, the Board held a meeting with homeowners' association members. FAC ¶¶ 30-31. At the meeting, the Board members indicated that "Plaintiff's dispute would require a special assessment to cover legal expenses for providing her accommodation, which in turn would either result in an increase in monthly Association dues . . . or force the dissolution of the Association." Id. The Board then called another meeting with all homeowners' association members to discuss recalling Plaintiff from the Board, allegedly citing the costs of providing Plaintiff with documents and Defendants' legal liability if Plaintiff continued in her position. FAC ¶¶ 35, 37. Plaintiff could not access materials related to the recall campaign against her. FAC ¶¶ 30, 35-37. The meeting resulted in Plaintiff's recall from the Board. FAC ¶ 37.

   Now off the Board, Plaintiff continues to be excluded from accessing materials and documents provided to all homeowners' association members. FAC ¶ 40. These include "Board Meeting notices and agenda; notices of community events; Board election materials; Association financial documents, Association CC&R's, By-laws, and Articles of Incorporation." FAC ¶ 43. As a result, Plaintiff is limited in her "ability to abide by the Association's rule and covenants, participate in Association meetings, engage in informed discussion of Association business, and make informed votes on issue impacting the Woodbridge

community[.]" FAC ¶ 40. Plaintiff also claims that "[h]er continual denial of this communication segregates and isolates [her] and makes her an unwanted member of the community[.]" FAC ¶ 43.

Plaintiff brought suit against Defendants claiming that they discriminated against her on the basis of her disability, failed to provide a reasonable accommodation, and retaliated against her for requesting accommodation, under the Fair Housing Act Amendments ("FHAA"), California's Fair Employment and Housing Act ("FEHA"), and California's Unruh Civil Rights Act ("Unruh Act"). After Defendants answered, the parties stipulated to, and the court approved, filing of a first amended complaint (Doc. #11, "FAC"). Defendants answered (Doc. #14) and now move for judgment on the pleadings (Doc. #15). Plaintiff opposes the motion (Doc. #23).

## II. OPINION

### A. Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is 'functionally identical' to Rule 12(b)(6) and [] 'the same standard of review' applies to motions brought under either rule." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting Dworkin v. Hustier Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)).

### B. Judicial Notice

Defendant requests that the Court take judicial notice of a letter from the Department of Fair Employment and Housing to

4

Plaintiff entitled "Explanatory Closure Letter." Defendant's RJN at 2; id. Exh. A. The letter is "kept in the Department['s] . . . records." Hansen Decl. ¶ 2. The Court may take judicial notice of matters in the public record, but not conclusions of law, "unreasonable inferences, or unwarranted deductions of fact[.]" Davenport v. Bd. of Trustees of State Center Cmty. Coll. Dist., 2008 WL 170876, at *5 (E.D. Cal. Jan. 18, 2008) (citing Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986) and Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)). The Court therefore takes judicial notice of the letter, but does not take as true the conclusions it contains. See Contreras v. UAL Corp., 2014 WL 551185, at *4 (N.D. Cal. Feb. 7, 2014).

    C.    Discussion

          1.    Plaintiff's Declaration

As an initial matter, Defendants challenge the propriety of considering Plaintiff's declaration that she filed with her opposition. On a motion for judgment on the pleadings, as in a motion to dismiss, the Court looks only to the pleadings and documents that have been properly judicially noticed. Crosby v. Wells Fargo Bank, N.A., 2014 WL 4378774, at *1 (C.D. Cal. Sept. 3, 2014) (citation omitted). The Court therefore does not consider the facts contained in Plaintiff's affidavit, but instead looks to the FAC to evaluate the factual basis and sufficiency of the claims.

          2.    The Parties' Arguments

Defendants argue for judgment on the pleadings because Plaintiff's causes of action are not based on the "use and

5

enjoy[ment] [of her] dwelling." Mot. at 4-8. Plaintiff responds that the reach of the remedial statutes supporting her claims is "not limited to being able to physically live in a building." Opp. at 6:1-2. These arguments are discussed below as they relate to each cause of action.

### 3. First Cause of Action: FHAA

Plaintiff makes three claims under the FHAA: discrimination on the basis of disability, 42 U.S.C. § 3604(f)(2); failure to make a reasonable accommodation, 42 U.S.C. § 3604(f)(3)(B); and retaliation, 42 U.S.C. § 3617.

The protections of the FHAA "must be given 'a generous construction in order to carry out a policy that Congress considered to be of the highest priority.'" Fair Hous. Council of Oregon v. Bookside Vill. Owners Ass'n, 2012 WL 8017842, at *16 (D. Or. Oct. 18, 2012) (quoting United States v. Cal. Mobile Home Park Mgmt. Co., 29 F.3d 1413, 1416 (9th Cir. 1994)). Section 3604 defines many forms of prohibited discrimination. Subsection 3604(f)(2) proscribes "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling." This subsection, by its plain language, does not include a requirement that the discrimination interfere with "use and enjoyment of a dwelling." Therefore Defendants' arguments for judgment on the pleadings are inapplicable to this claim.

Subsection 3604(f)(3)(B) prohibits "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford

6

such person equal opportunity to use and enjoy a dwelling[.]" To state a claim under section 3604(f)(3)(B), a plaintiff must allege that accommodation of the handicap "may be necessary to afford [her] an equal opportunity to use and enjoy [her] dwelling." McGary v. City of Portland, 386 F.3d 1259, 1262 (9th Cir. 2004) (quoting Giebeler v. M&B Associates, 343 F.3d 1143, 1147 (9th Cir. 2003)) (quotation marks omitted).

Defendants argue that Plaintiff "does not articulate how her inability to serve on the Board of Directors of the Association interfered with her use and enjoyment of her dwelling or premises as a physical structure[.]" Mot. at 6:24-26. Defendants then cite to multiple portions of the FAC which recite the elements of the statute, suggesting that Plaintiff merely stated the elements and included no facts going to her use and enjoyment of her property. See Mot. at 6-8.

Defendants appear to misunderstand Plaintiff's claims and ignore central allegations in the FAC. Plaintiff does not argue that she had a right to be on the Board. But given that she did serve on the Board as part of her participation with the homeowners' association, the Court concludes that the accommodation requested — reasonable access to documents in order to participate in Board decisions — "may be necessary" to equal use and enjoyment of her dwelling. Indeed, the purpose of a homeowners' association is to improve the community as a whole to make living there more enjoyable for all inhabitants. See FAC ¶ 11 ("The stated purpose of Woodbridge's [Homeowners'] Association is to own, repair, maintain and manage the common areas and common facilities within Woodbridge . . . and to

otherwise enhance and promote the use and enjoyment of the common areas and common facilities by the Owners in common at Woodbridge."). Moreover, the Board's tasks included adopting "rules and regulations" to govern homeowners and their homes. Id. This Court is not inclined to construe the FHAA so narrowly as to preclude equal enjoyment of participation in decisions about one's home. Defendants argue otherwise, but point the Court to no case for the proposition that the FHAA does not protect participation in such decisionmaking.

In their reply, Defendants argue that the accommodation requested related to "materials . . . that were only available to members of the Board." Reply at 5:7-8. Defendants suggest that Plaintiff is only entitled to accommodation related to her role as a homeowner and not to her role as a Board member. See Mot. at 6; Reply at 5.

Defendants' argument fails. As explained above, the Court rejects Defendants' argument that Plaintiff's participation in the Board's decisionmaking is not sufficiently related to her dwelling. But even if the Court accepted Defendants' position that this lawsuit cannot be based on materials Plaintiff received solely for her position on the Board, Defendants' argument contains a further flaw: contrary to Defendants' interpretation of the FAC, Plaintiff did allege that she was denied access to materials available to all association members. See FAC ¶¶ 35-37, 43. And Plaintiff further alleged how deprivation of these materials affected her use and enjoyment of her home. See FAC ¶ 37 (describing Plaintiff's inability to respond to documents that all other association members received

related to her proposed recall from the Board); id. at 40 ("Without accessible communication of Association rules, business and board agenda, Plaintiff's ability to abide by the Association's rules and covenants, participate in Association meetings, engage in informed discussions of Association business, and make informed votes on issues impacting the Woodbridge community, not only as a Board member, but as a member of the Association in which she resides has been and is significantly impaired; thereby effecting her quiet enjoyment of her home."); id. ¶ 43 ("Her continual denial of [] communication[s] segregates and isolates Plaintiff and makes her an unwanted member of the community as she is not able to respond to Association business or show up to community events.").

For these reasons the Court holds that the accommodation Plaintiff sought "may be necessary" to ensure equal opportunity to use and enjoy her dwelling. The Court accordingly denies Defendants' motion for judgment on the pleadings as to Plaintiff's section 3604(f)(3)(B) claim.

As to Plaintiff's final claim under the FHAA, section 3617 makes it unlawful to

> coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [certain other sections of the FHAA].

This section protects plaintiffs who were "engaged in [a] protected activity." Brown v. City of Tucson, 336 F.3d 1181, 1192 (9th Cir. 2003). Protected activities include "the request

9

for a reasonable accommodation for handicapped persons." <u>Bezi v. Camacho</u>, 2014 WL 2215911, at *8 (C.D. Cal. May 23, 2014).

Defendants argue that Plaintiff was not engaged in a protected activity because her requests for accommodation "were not related to the use and enjoyment of her dwelling." Mot. at 9:23. The Court disagrees. As indicated above, access to the documents "may be necessary" to Plaintiff's equal use and enjoyment of her dwelling. Defendants' motion as to Plaintiff's section 3617 claim is denied.

### 4. Second Cause of Action: FEHA

FEHA mirrors the FHAA in regard to claims for disability discrimination, reasonable accommodation, and retaliation. <u>Walker v. City of Lakewood</u>, 272 F.3d 1114, 1131 n.8 (9th Cir. 2001); <u>Sturm v. Davlyn Inv., Inc.</u>, 2013 WL 8604662 at *10 (C.D. Cal. Sept. 30, 2013); <u>Garza v. Raft</u>, 1999 WL 33882969, at *3-*4 (N.D. Cal. Nov. 30, 1999). Because the same standards apply to both statutes, the Court reaches the same conclusions for Plaintiff's FEHA claims as it did for her FHAA claims. The Court thus denies Defendant's motion as to the second cause of action.

### 5. Third Cause of Action: Unruh Act

Plaintiff asserts an Unruh Act claim under California Civil Code Section 51(b). This section provides that "[a]ll persons . . . are free and equal, and no matter what their . . . disability[] [or] medical condition . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." This language does not contain a requirement

10

that Plaintiff plead a connection to "use and enjoyment of her dwelling". Defendants' arguments are therefore inapplicable and the Court denies Defendants motion as to this claim.

### III.   ORDER

For the reasons stated above, the Court DENIES Defendants' motion for judgment on the pleadings in its entirety.

IT IS SO ORDERED.

Dated: March 16, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE